IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARY SHARP, | ) |
|     PLAINTIFF, | ) |
| VS. | ) CASE NO.  2:19-CV-857-WKW-WC |
| CITY OF MONTGOMERY, a Municipal Corporation; Montgomery City-County Personnel Board, a governmental entity set up by the City of Montgomery, Alabama and Montgomery County Alabama | ) ) ) ) ) ) |
|     DEFENDANT. | ) |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT,
CITY OF MONTGOMERY'S MOTION TO DISMISS**

**A.    Introduction**

The Plaintiff, Gary Sharp, has filed an action against the Defendant, the City of Montgomery (hereinafter referred to as Montgomery) alleging a Fourteenth Amendment violation for racial discrimination and retaliation pursuant to Title VII, 42 U.S.C. 1983, 42 U.S.C. 1981, and 42 U.S.C. 1981 (a).  The Plaintiff's claims, which were filed within two years of the date he originally filed his complaint on November 7, 2019, are based on (1) the Defendant, Montgomery's, failure to promote the Plaintiff to the position of Director of Economic and Community Development (DECD) in or around from April, 2018, until December 10, 2018 based on his race and (2) the Defendant, Montgomery's failure to promote the Plaintiff to the position of (DECD) in March, 2019 based on his race and in retaliation for his previously complaining to the Mayor of the City of Montgomery and other officials of his non-promotion

based on his race.

The Defendant Montgomery does not dispute for purposes of their motion that the Plaintiff is an African-American male and that he applied for and was qualified for the promotion for which he was rejected. (Doc.16, page 12).

The Defendant Montgomery in their Motion to Dismiss claims that the claims against the Defendant's, in their individual capacity, are barred. The Plaintiff in its amended complaint has eliminated the individuals as Defendants, thus making this issue moot.

B.     **Standard of Review**

In <u>Evans v. Georgia Regional Hospital</u>, 850 F. 3d 1248 (11th Cir.2017), the Eleventh Circuit stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, accepted as true, states a claim for relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct.1937, 173 L.Ed.2d 868 (2009). A claim is plausible on its face when there is a "reasonable inference that the defendant is liable for the misconduct alleged." Id. A Title VII complaint need not allege facts sufficient to make out a classic prima facie case, but must simply provide enough factual matter to plausibly suggest intentional discrimination. See <u>Surtain vs. Hamlin Terrace Found.</u> 789 F.3d1239, 1246 (11th Cir.2015). <u>Evans vs. Georgia Regional Hospital</u>, at 1253.

C.     **The Plaintiff set forth sufficient facts alleging a classic prima facie case**

Although <u>Evans v. Georgia Regional Hospital</u> at 1253 states that a Plaintiff does not have to allege facts sufficient to make out a classic prima facie case, but simply provide enough factual matter to plausibly suggest intentional discrimination, the Plaintiff alleges facts that make out a classic racial discrimination claim in non-promotion and a classic retaliation claim.

(1)     Classic prima facie cases for non-promotion race discrimination cases for Title VII, 42 U.S.C. Section 1981, 1981 (a) and 42 U.S.C. Section 1983. Title VII and 42 U.S.C.

Section 1981, 1981(a) alleging discrimination in employment have the same substantive proof requirements and are analyzed under the same framework. Miller vs. Bed, Bath & Beyond Inc., 185 F.Supp.2d 1253, 1962; Bass vs. Board of County Commissioners Orange County Florida, 256 F. 3rd 1095, 1109, N. 4 (11th Cir.2001); Standard vs. A.B.E.I. Services, Inc., 161 F.3d 1218, 1330 (11th Cir.1998). Additionally 42 U.S.C.Section 1983 claims have the same legal elements when based on the same set of facts. Braswell vs. Allen, 586 F.Supp2d 1297, 1308, (M.D. Ala.2008).

    (2)    The Plaintiff has established a prima facie non-promotion racial discrimination case by alleging (i) he belonged to a racial minority, (ii) he applied and was qualified for the job for which the employer was seeking applicants, (iii) that despite his qualifications he was rejected, and (iv) that after his rejection the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. McDonnell Douglas Corp. Vs. Green, 411 U.S.792, 802 (1973); 930 S.Ct.1817, 1824 (1973).

In the present case, the Defendant admits that the Plaintiff was qualified for the promotion to the DECD position and that the Plaintiff was an African American male.

Shortly before April 17, 2018, the Defendant Montgomery requested the Defendant Montgomery City-County Personnel Board (hereinafter referred to as Personnel Board) to establish a register for Director Economic and Community Development (DECD) pursuant to a job announcement by the Defendant Montgomery. (Doc.29, page 9).

On April 17, 2018, the Plaintiff was notified that he was tied for number one on the register. (Doc.29, page 9). Although the register was established as of April 17, 2018, for over seven months the Plaintiff never heard anything more from the job announcement until December 10, 2018 when he was informed he would have to reapply for the position of Director

of Economic and Community Development if he believed he met the minimum qualifications for the position. (Doc.29, pages 9,10). This establishes the plausibility of the fact that the Plaintiff was rejected for the promotion yet the position remained open and the Defendant Montgomery continued to seek applicants of Plaintiff's qualifications. See McDonnell Douglas Corp. Vs. Green, Id. This is especially true considering the fact that when the Plaintiff met with the Mayor of Montgomery, and the Personnel Director for the Personnel Board in a discussion regarding the use of the Plaintiff's race to deny him the promotion, the Plaintiff was informed by the Personnel Director that the Chief of Staff for the Defendant Montgomery had requested the original register, which contained the Plaintiff's name, be destroyed and that a new register be created. (Doc.29, page 10). Later on December 18, 2018, the Defendants and their representatives sent an email message to the Plaintiff and stated that the Plaintiff would not be required to submit a new application for the position of DECD but that the Plaintiff's application would be copied from earlier in the year. (Doc 29, page 11). These facts demonstrate that when the Defendants in November and December of 2018 decided not to use the existing register to fill the position of DECD even though there was a qualified African American male on the register and they were going to continue to look for an individual for the position, as of that time the Plaintiff had, sufficient evidence to establish a prima facie case that the Defendant Montgomery did not promote him to the position of DECD based on his race in violation of 42 U.S.C. Section 1981, 1981 (a), 42 U.S.C. Section 1983 and 42 U.S.C. Section 2000 e-5.

The establishment of the McDonnel Douglas prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee. St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502, 507 (1993); 113 S.Ct. 2742, 2746.

Further, because the Plaintiff filed his complaint in this Court on November 7, 2019, he

filed his case within the two year statute of limitations for personal injury actions for 42 U.S.C. Section 1983, 1981, and 1981 (a).

(3) The Plaintiff has established a prima facie case for retaliation in not being promoted to the position of DECD by demonstrating that (a) he engaged in a statutorily protected activity (b) he suffered an adverse employment action; and (c) a causal link exists between the protected activity and the adverse employment action. <u>Childrey vs. CGI Techs and Sols</u>, 2018 U.S. Dist.Lexis 51627 (M.D.Ala). *7.

Both Title VII and Section 1981 prohibit employers from taking adverse action against employees in retaliation for their opposition to statutorily prohibited racial discrimination. <u>Rose vs. Walmart Stores East, Inc.</u>, 631 Fed.App.496, 2015 U.S. App. Lexis 19850 (M.D. Ala. March 23, 2015). The burden of causation has been shown to be met by a close temporal time of seven and eight weeks, between the complains and retaliatory action. <u>Childrey v. CGI Techs.Sols</u>, p*11 and <u>Farley v. Nationwide Mut.Ins.Co.</u>, 197 F.3rd1322, 1337 (11th Cir.1999), <u>McCarley vs. City of Northport</u>, 240 F.Supp.3d 1242 (N.D.Ala.2017).

On January 1, 2019, the Plaintiff reiterated to the Defendants and their representatives,
"It
is my position that the City of Montgomery and its representatives are using race as a determining factor and racially discriminatory hiring practices to fill the position of Director of Economic and Community Development in violation of my constitutional and civil rights." (Doc.29, page16).

On January 22, 2019, the Plaintiff had his attorney, at that time, to mail a letter to the Mayor of the City of Montgomery, the Personnel Director of the Montgomery City-County Personnel Board and the Chief of Staff of the City of Montgomery complaining that race had

been used as a factor to prevent the Plaintiff Gary Sharp from being promoted to the position of Director of the Development of Economic and Community Development. (Doc 29, page 17).

The Defendants did everything within their power to rank a white person ahead of the Plaintiff on the employment register in an attempt to cover up their genuine intent to use the Plaintiff's race as an African-American to deny his promotion to the position of Director of Economic and Community Development. Consequently, the Defendants arbitrarily placed a white female in the number one position on the new register. At the same time, the Defendants ranked the Plaintiff and Desmond Wilson as tied at number two on the new register. However, once the Plaintiff complained of the Defendants use of race as a determinative factor in their denial of his promotion to the position of Director of Economic and Community Development, the Defendants abandoned their plan to hire the white female and contrived a retaliatory scheme to hire Desmond Wilson as Director of Economic and Community Development. (Doc. 29, page 12).

On February 13, 2019, the Plaintiff was interviewed for the position of Director of Economic and Community Development. At that meeting, the Plaintiff submitted an approximately 1 inch thick professional portfolio of the Plaintiff's past and current comprehensive planning, public administration, public policy, and community and economic development projects with a professional vitae and cover letter to the Defendants to review. On March 22, 2019, the Plaintiff discovered that the Defendants used retaliation as a determinative factor and failed to promote the Plaintiff to the position of Director of Economic and Community Development and chose Desmond Wilson, an unqualified black male, who possesses a Bachelor's Degree in Criminal Justice to fill the position of Director of Economic and Community Development. (Doc.29, page 13).  March 22, 2019 was eight weeks after the

Plaintiff's attorney had mailed a letter to the Defendants complaining about the race discrimination, with respect to his client.

After promoting Desmond Wilson to the position of Director of Economic and Community Development for the City of Montgomery, the Defendant City of Montgomery sent Desmond Wilson to a 36 hour *Basic Economic Development Course* which he completed on July 12, 2019. In comparison, in 1993, the Plaintiff received a Bachelor of Arts in Political Science from Auburn University. In 1995, the Plaintiff receive a Master of Public Administration with a concentration in Public Policy, among other studies, from Auburn University. In 1997, the Plaintiff received a Master of Community Planning with a concentration in Economic Development from Auburn University. In 2011, the Plaintiff receive a Master of Arts with a concentration in Bible Pastoral Ministry from Selma University. Presently, the Plaintiff is a candidate for Doctor of Ministry with a concentration in Transformational Leadership from Boston University, with a graduated date of May, 2020. The Plaintiff also possesses over 20 years of experience in Public Administration, Economic Development, Public Policy, Community Development, Community Planning and Building and Construction, and is the author of *Comprehensive Planning: Elected and Appointed Officials Guide, West Montgomery: The Revitalization Plan* and *Economical Development Solutions: Three Cases in the Montgomery Area* among other publications relevant to Public Administration, Comprehensive Planning, Community Development and Economic Development. (Doc. 29, page 13, 14).

These facts establish a prima facie case for retaliation because the Plaintiff (1) engaged in a statutorily protected activity (the reporting of racial discrimination), (2) he suffered an adverse employment action (the denial of a promotion for which he was qualified), and (3) a causal link existed between the protected activity and the adverse employment action (the close temporal

proximity of eight weeks). Thus, using the rationale of St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993); 113 S. Ct.2742, 2746, the establishment of a prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee.

Thereafter, the Plaintiff filed an EEOC complaint on July 30, 2019. (Doc 1, page 18). Plaintiff filed his complaint in this case on November 7, 2019. Therefore, the retaliation claim was timely filed.

For the foregoing reason, the Defendant City of Montgomery's Motion to Dismiss should be denied.

Respectfully submitted this 6th day of January, 2020.

/s Kenneth J. Shinbaum
Kenneth J. Shinbaum, Atty for Plaintiff


OF COUNSEL:
MCPHILLIPS SHINBAUM, L.L.P.
516 South Perry Street
Montgomery, Alabama 36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321


CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/WECF system which will send notification of such filing to the following parties or counsel:

Robert D. Segall, Esq.
Attorney for Defendants Douglas, Hacker, Willis & Personnel Board
Copeland, Franco, Screws & Gfill
POB 347

Montgomery, Alabama 36101
Email: Segall@copelandfranco.com

Stacy Bellinger, Esq.
Rebecca L. Chambliss, Esq.
Attorneys for Defendants City of Montgomery
POB 1111
Montgomery, Alabama 36101-111
sreed@montgomeryal.gov
Rchambliss@montgomeryal.gov

                                                                  /s Kenneth J. Shinbaum
                                                                  Kenneth J. Shinbaum, Atty for Plaintiff